**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**RKR LEGAL, APC**
Sina Rezvanpour, Esq. (274769)
sr@rkrlegal.com
Seyed Kazerouni, Esq. (272148)
mk@rkrlegal.com
245 Fischer Ave, Suite D1
Costa Mesa, California 92626
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

*Attorneys for Plaintiffs,*
Heather McDonald, et al.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEATHER MCDONALD, PAYMAN SHAHIN, ANGELA THILL, GARY REMPEL, WENDY MELLINE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**EMMANUEL DAPIDRAN PACQUIAO; TOP RANK, INC.,**<br><br>Defendants. | **Case No.: 3:15-cv-01006-JLS-BGS**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION FOR VIOLATIONS OF:**<br><br>1.) **VIOLATION OF UNFAIR COMPETITION LAW (CAL. BUS. & PROF. §§ 17500 ET SEQ.);**<br>2.) **VIOLATION OF UNFAIR COMPETITION LAW (CAL. BUS. & PROF. §§ 17200 ET SEQ.);**<br>3.) **NELIGENCT MISREPRESENTATION;**<br>4.) **INTENTIONAL MISREPRESENTATION;**<br>5.) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750 ET SEQ.);**<br>6.) **CONSTRUCTIVE TRUST.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff Heather McDonald, Payman Shahin, Angela Thill, and Gary Rempel ("Plaintiffs") bring this statewide Class Action Complaint for damages and restitution against TOP RANK, INC. ("Defendant TR") and Emmanuel "Manny" Dapidran Pacquiao ("Defendant Pacquiao") (collectively, "Defendants") with regard to Defendants' false and misleading promotion of the May 2, 2015, pay-per-view boxing bout (the "Bout") featuring Defendant Pacquiao and Floyd Mayweather, Jr. ("Mayweather").

2. Specifically, Defendant TR is a boxing promotions company that marketed and/or sold Bout pay-per-views to California consumers and the general international public with the false representation that, prior to the Bout, both contestants (i.e., Defendant Pacquiao and Mayweather) were healthy and able immediately prior to the Bout such that their respective performances would not be materially diminished during the Bout.   However, based on information and belief, Defendant TR was aware that at least one of the Bout's contestants (i.e., Defendant Pacquiao) had severely injured his right shoulder at least two weeks prior to the Bout.

3. Defendant Pacquiao is an elite professional boxer who has in his career held multiple world championships.

4. Defendant Pacquiao worked with Defendant TR to promote the Bout with the false representation that both contestants (i.e., Defendant Pacquiao and Mayweather) were healthy and able immediately prior to the Bout such that their respective performances would not be materially diminished during the Bout.   However, based on information and belief, Defendant Pacquiao was aware he had severely injured his right shoulder at least two weeks prior to the Bout.

5. Nevertheless, Defendants, along with Defendant Pacquiao's trainers, management, and advisors, all of whom had knowledge of such injury and its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

severity, concealed the existence of Defendant Pacquiao's injury in an effort to increase Bout ticket and pay-per-view sales throughout the state of California and throughout the United States, thereby increasing Defendants' profits.

6. Defendants' acts, representations and omissions led California consumers, such as Plaintiffs, to believe that Defendant Pacquiao, immediately prior to the Bout, was healthy and able-bodied, and that Defendant Pacquiao's performance would not be materially diminished during the Bout. However, contradictory to such acts, representations and omissions, Defendants had advance and detailed knowledge of Defendant Pacquiao's injury, its severity, and its inherent result on Pacquiao's ability to perform.

7. This nationwide sale and advertising campaign of the Bout constitutes: (1) a violation California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq.*; (2) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) a violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; and (6) grounds for constructive trust. This conduct caused Plaintiffs and others similarly situated damages, and requires restitution to remedy and prevent further harm.

8. Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA") because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

10. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiffs are residents and citizen of the State of California while Defendant TR is a corporation incorporated under the laws of the State of Nevada and Defendant Pacquiao is a resident of the Philippines and the State of California.

11. Based upon information and belief, Plaintiffs allege that at least $300,000,000 worth of Bout pay-per-views was purchased[1]. Each purchase was in the amount of either $99.95 for high definition or $89.95 for standard definition. Furthermore, tickets to attend the Bout reached a face value of $10,000, with tickets selling on secondary markets in the hundreds of thousands of dollars. Between pay-per-view and ticket sales, the Bout generated the highest revenue of any boxing bout to date. Accordingly, Plaintiffs are informed, believe, and thereon allege the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d) for a diversity jurisdiction class action.

12. The court has personal jurisdiction over Defendants because Defendants conduct business in the County of San Diego, State of California. Therefore, Defendants have sufficient minimum contacts with this state and this judicial district, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional

---

[1] *Face-off: Mayweather vs. Pacquiao by the numbers*, Lauren Said-Moorhouse and Chris Borg, CNN, May 3, 2015.

notions of fair play and substantial justice.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons:

    (i)     Plaintiffs McDonald, Thill, and Rempel reside in the County of San Diego, State of California which is within this judicial district;

    (ii)     The conduct complained of herein occurred within this judicial district as Plaintiffs McDonald, Thill, and Rempel purchased the Bout pay-per-view promoted by Defendants in this district;

    (iii)     Defendants conducted and do substantial business in the County of San Diego, State of California; and

    (iv)     Defendants are subject to personal jurisdiction in this district.

14. In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district. Plaintiffs' Declarations, as required under California Civil Code section 1780(d) but not pursuant to *Erie* and federal procedural rules, which reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in this district, is attached as Exhibit A.

## PARTIES

15. Plaintiffs McDonald, Shahin, Thill, Melline and Rempel are natural persons who reside in the County of San Diego, County of Orange, and County of San Bernardino, respectively, in the State of California, who were negligently and/or intentionally induced into purchasing Defendants' falsely advertised product.

16. Defendant TOP RANK, INC. is a corporation that is incorporated under the laws of the State of Nevada, and does business within the State of California and within this district.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

17. Defendant Pacquiao is a natural person who resides in the Philippines and the County of Los Angeles in the State of California, and does business within the State of California and within this district.

## NATURE OF THE CASE

18. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. At all relevant times prior to the Bout, Defendants marketed and/or sold Bout pay-per-views to California consumers with the false representation that Defendant Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Defendant Pacquiao's performance would not be materially diminished during the Bout, when in fact Defendant Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout.

20. Based on information and belief, Plaintiffs allege that although Defendants were aware that Defendant Pacquiao sustained a severe injury to his right shoulder at least two weeks prior to the Bout, Defendants went to great lengths to keep Defendant Pacquiao's injury a secret in order to continue with the Bout as scheduled.

21. After the injury and prior to the Bout, Defendants held secret training sessions in which the media and public were excluded from Defendant Pacquiao's main training facility, the Wild Card Gym in Hollywood, California.

22. Defendant Pacquiao's training partner, Dashon Johnson, stated on his official Facebook page, "just want to feel everyone in on all the rumors! We were asked not to mention anything to anyone but Yes manny [Pacquiao] got hurt during this camp with his right shoulder and it was messed up pretty bad! So bad his sparring partners including myself were asked to go home a few weeks out before the actual fight, which means a lot of work he could have

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

put in for this fight was brought to a hault (sic) due to the fact that he could not spar really anymore and didn't wanna mess it up more than he already had, manny [Pacquiao] no matter what wasn't going to let his family, fans and friends down by post poning (sic) the fight so he was gonna just fight through the pain!"  Plaintiffs are informed and believe Defendants directed Johnson and other training partners to not mention Defendant Pacquiao's injury or its severity.

23. After the injury and prior to the Bout, Defendants relieved at least one member of Defendant Pacquiao's training camp in fear that such person could not be trusted with knowledge of Defendant Pacquiao's injury.

24. After the injury and prior to the Bout, Robert Arum ("Arum"), Chief Executive Officer of Defendant TR, made multiple statements to the media implying that Defendant Pacquiao was healthy and able-bodied immediately prior to the Bout such that Defendant Pacquiao's performance would not be materially diminished during the Bout.

25. After the injury and prior to the Bout, Arum stated to the media "I am supremely confident that Manny Pacquiao will not only beat Mayweather but will beat him up and may very well knock him out[.]"

26. After the injury and prior to the Bout, Arum stated to the media "[A-list status] won't help [Floyd Mayweather] or save him from getting knocked out by Manny Pacquiao."

27. After the injury and prior to the Bout, Freddie Roach, Defendant Pacquiao's head trainer, stated to the media that Defendant Pacquiao was in the best shape of his life as of late.  Plaintiffs are informed and believe such statement was made at the direction of Defendants.

28. After the injury and prior to the Bout, Defendant Pacquiao stated on his verified and official Twitter page "I'm ready to rumble.  9 days to go. #TeamPacquiao #MayPac."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

29. After the injury and prior to the Bout, Defendant Pacquiao, stated in a television interview broadcast on Fox News' *On the Record with Greta Van Susteren*, "We did our best in training" and "I am ready for the fight."

30. After the injury and prior to the Bout, Defendant Pacquiao, stated in a television interview broadcast on ABC's *Jimmy Kimmel Live*, "I did my best in training so I'm ready.  I'm ready for the fight."

31. Lastly, the Nevada State Athletic Commission ("NSAC") has the ability prevent a bout from taking place for a number of reasons, including a bout participant's health, wellbeing, and ability to defend his or herself.  Pursuant to NSAC rules, Defendant Pacquiao was required to complete a Pre-Fight Medical Questionnaire (the "Questionnaire") days before the Bout.   The Questionnaire's asks, *inter alia*, "Have you had any injury to your shoulders, elbows or hands that needed evaluation or examination?  If yes, explain."  In response to such question, Michael Koncz, Defendant Pacquiao's adviser, marked "No".  Defendant Pacquiao, as the participant of the Bout, had a duty to answer the Questionnaire truthfully and signed the Questionnaire under penalty of perjury.  Plaintiffs are informed and believe that concealment of Defendant Pacquiao's injury was at the direction of Defendants.

32. Plaintiffs are informed and believe that had Defendant Pacquiao disclosed his injury and its severity to NSAC, the Bout would have been postponed or cancelled.

33. Plaintiffs are informed and believe that after the injury and prior to the Bout, Defendants made various additional statements as to Pacquiao's good health and his ability to perform during the Bout in an effort to further promote the Bout and increase Bout pay-per-view sales.

34. Despite all these pre-Bout representations that Defendant Pacquiao was healthy, Plaintiffs allege, on information and belief, that Defendants were aware of Defendant Pacquiao's shoulder injury and its severity.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

35. During the *post*-Bout press conference, Arum confirmed his advance knowledge of Defendant Pacquiao's injury and its severity.  Arum further stated that Defendant Pacquiao's injury required an MRI, and that Defendant Pacquiao received treatment from the same physician who treated Kobe Bryant for a similar injury that sidelined Kobe Bryant.  Arum later stated that Defendant Pacquiao's injury affected the outcome of the Bout.

36. Following the fight, Pacquiao stated, "it's hard to fight one-handed."

37. Defendants' acts, representations, and omissions led California consumers, such as Plaintiffs, to believe that Defendant Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Defendant Pacquiao's performance would not be materially diminished during the Bout.  However, contradictory to such acts, representations and omissions, Defendants had advance and detailed knowledge of Defendant Pacquiao's injury, its severity, and its inherent result on Defendant Pacquiao's ability to perform.

38. Defendants made such representations through, and concealed Defendant Pacquiao's injury from, various media outlets in an effort to increase ticket and Bout pay-per-view sales throughout the state of California and throughout the United States, thereby increasing Defendants' profits.

39. Through misleading representations of Defendants and Defendants' concealment of Defendant Pacquiao's injury, Defendants induced consumers to purchase the Bout pay-per-view despite Defendants' knowledge that Defendant Pacquiao had a severe shoulder injury significantly limiting his performance during the Bout.

40. In fact, as a consequence of Defendants' unfair and deceptive practices, Plaintiffs and other similarly situated consumers purchased the Bout under the false impression that the both contenders were physically fit, healthy and able.  Had Plaintiffs and other consumers similarly situated been made aware that there were issues with one of the contestants in the Bout, they would not have

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

purchased the Bout pay-per-view, or would have paid less for it.

41. Each consumer, including Plaintiffs, was exposed to virtually the same material misrepresentations, as most media outlets prominently displayed Defendants' misrepresentations.

42. Defendants' conduct as alleged herein violates several California laws, as more fully set forth herein.

43. Generally, this nationwide sale and advertising campaign of the Bout constitutes: (1) a violation California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq*.; (2) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq*.; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) a violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq*; and (6) grounds for constructive trust. This conduct caused Plaintiffs and others similarly situated damages, and requires restitution to remedy and prevent further harm.

### FACTUAL ALLEGATIONS

44. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendants directly, and indirectly through Defendant Pacquiao's management, trainers and advisors, made various statements through written, audio and visual forms of media to the general public stating directly and/or indirectly that Defendant Pacquiao was healthy and able immediately prior to the Bout, and that his performance would not be materially diminished during the Bout.

46. Defendants directed Pacquiao's management, trainers, and advisors to conceal Defendant Pacquiao's injury and its severity from NSAC.

47. Plaintiffs read, saw, and heard the statements made directly and indirectly by Defendants.

48. In reliance of Defendants' direct and indirect statements, Plaintiffs assumed that both contestants (i.e., Defendant Pacquiao and Mayweather) were healthy and able immediately prior to the Bout such that their respective performances would not be materially diminished during the Bout.   In reliance of Defendants' direct and indirect statements, Plaintiffs purchased the Bout pay-per-view at the advertised prices.

49. During the course of the Bout, Plaintiffs noticed Defendant Pacquiao's materially diminished performance.   Upon the conclusion of the Bout, Plaintiffs were made aware of Defendant Pacquiao's injury and its severity by statements made directly by Defendant Pacquiao and Arum.   Having had knowledge of Defendant Pacquiao's injury and its severity prior to the Bout, Plaintiffs would not have purchased the Bout pay-per-view or would have paid less for it.

50. In reliance of Defendants' direct and indirect statements, as well as Defendants' concealment of Defendant Pacquiao's injury and its severity, Plaintiffs each purchased the Bout pay-per-view at the advertised prices.

## CLASS ACTION ALLEGATIONS

51. Plaintiffs and the members of the Class have all suffered injury in fact as a result of the Defendants' unlawful and misleading conduct.

52. The "Class Period" means the four-year period prior to filing of the Complaint in this action.

53. Plaintiffs bring this lawsuit on behalf of themselves and other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and California Civil Code § 1781(b).   Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> "All persons who purchased the Bout pay-per-view
> in the State of California within four years prior to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the filing of the Complaint in this action."

Excluded from the Class are Defendants and any of their respective officers, directors, and employees, or anyone who purchased a Bout pay-per-view for the purposes of resale.  Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

54. *Ascertainability.*   The members of the Class are readily ascertainable from Defendants' records and/or Defendants' agent's records regarding sales, as well as through public notice.

55. *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that the proposed class consists of hundreds of thousands of members, if not millions.

56. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members.  All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements, and promotions.  The common legal and factual questions include, but are not limited to, the following:

    (a)   Whether Defendants' are responsible for the actions alleged in this complaint;

    (b)   Whether the Bout involved two healthy and able contestants, free of any issues that would materially diminish either contestants' performance;

    (c)   Whether Defendants' claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

///

(d)   Whether Defendants' conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(e)   Whether Defendants' conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(f)   Whether Defendants' conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(g)   Whether Defendants' advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(h)   Whether Defendants' advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq*;

(i)   Whether Defendants acted intentionally in making the misrepresentations;

(j)   Whether Defendants engaged in a violation of the California Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq*;

(k)   Whether Defendants, through their conduct, received money that, in equity and good conscience, belongs to Plaintiffs and members of the Class;

(l)   Whether Plaintiffs and proposed members of the Class relied on Defendants' representations;

(m)   Whether Plaintiffs and proposed members of the Class are entitled to equitable relief, including but not limited to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

restitution and/or disgorgement;

(n)   Whether Plaintiffs and proposed members of the Class are entitled to injunctive relief sought herein; and

(o)   Whether Plaintiffs and proposed members of the Class are entitled to punitive damages.

57.   *Typicality*.  Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class that Plaintiffs seeks to represent.  Plaintiffs, like members of the proposed Class, purchased a Bout pay-per-view after exposure to the same material misrepresentations and/or omissions.  Plaintiffs are advancing the same claims and legal theories on behalf of himself and all absent members of the Class.  Defendants have no defenses unique to the Plaintiffs.

58.   *Adequacy of Representation*.  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel experienced in consumer protection law, including class actions.  Plaintiffs have no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class.  Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

59.   *Superiority*.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendants.  The injury suffered by each individual member of the proposed

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Class is relatively small (under $100) in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them.  Even if the members of the proposed Class could afford such litigation, the court system could not.  Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

60. Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein.  Unless a Class-wide injunction is issued, Defendants will also likely to continue to, or allow its resellers to, advertise, market, promote and package the Bout in a similar and unlawful misleading manner, and members of the Class will continue to be mislead, harmed, and denied their rights under California law.

61. Further, Defendants have acted or refused to act on grounds that are generally applicable to the class so that declaratory relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.

## [CALIFORNIA'S FALSE ADVERTISING LAW]

62. Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

63. Plaintiffs bring this cause of action on behalf of himself and on behalf of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

putative Class.

64. Plaintiffs and Defendants are each "person[s]" as defined by California Business & Professions Code § 17506. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

65. The misrepresentations, acts, and non-disclosures by Defendants of the material facts detailed above constitute false and misleading advertising and therefore violate Business & Professions Code §§ 17500 *et seq*.

66. At all times relevant, Defendants' advertising and promotion regarding the Bout, in particular the physical wellness of the contestants, was false, misleading, and likely to deceive the reasonable consumer and the public; and, in fact, has deceived Plaintiffs and other consumers similarly situated into purchasing Bout pay-per-views for what they believed was a fight between two healthy athletes, when in fact Defendant Pacquiao was severely injured.

67. Defendants engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly induce the purchase of Bout pay-per-views, allegedly involving two healthy athletes, Defendants knew, or had reason to know, was not going to be between two healthy athletes.

68. In making and publicly disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 *et seq*.

69. Plaintiffs and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendants' false advertising, as more fully set forth herein. Plaintiffs and members of the Class have been injured because they were induced to purchase and/or overpay for the Bout

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

pay-per-view on the belief that the Bout involved two healthy athletes. Plaintiffs and members of the putative Class have been injured because had they been made aware that the Bout was not between two healthy athletes and/or boxers, but rather between one healthy and one injured boxer, they would have not purchased the Bout or would have paid less for the Bout.

70. At a date presently unknown to Plaintiffs, but at least two weeks prior to the Bout, and as set forth above, Defendants have committed acts of false and misleading advertising and promotion of the Bout, as defined by Business & Professions Code §§ 17500 *et seq.*, by engaging in the false advertising and promotion of the Bout as being between two healthy contestants, athletes and/or boxers.

71. As a direct and proximate result of Defendants' aforementioned conduct and representations, Defendants received and continues to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers who were led to purchase or pay more for the Bout pay-per-view, as a result of the unlawful acts of Defendants, during the Class Period.

### SECOND CAUSE OF ACTION

### FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW]

72. Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

73. Plaintiffs and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201.  California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

74. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair"

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

### A. *"Unlawful" Prong*

75. Because Defendants have violated California's False Advertising Law, Business & Professions Code §§ 17500 *et seq.*, Defendants have violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

76. Because Defendants have violated California's Consumers Legal Remedies Act, Civil Code §§ 1750 *et seq.*, Defendants have violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

77. Defendants had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as disclosing the injury and/or postponing the fight until Defendant Pacquiao was no longer injured.

78. Plaintiffs and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. *"Unfair" Prong*

79. Defendants' actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

practice for Defendants to knowingly or negligently represent to the consuming public, including Plaintiffs, that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively affecting his performance during the Bout.  Such conduct by Defendants is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that the Bout was between two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact this was not true.

80. Plaintiffs are informed and believed that if the Defendants had disclosed Defendant Pacquiao's injury and its severity, the Bout would have been cancelled or postponed and Plaintiffs would not have purchased the Bout pay-per-view.  Plaintiffs are informed and believed that if the Defendants had disclosed Defendant Pacquiao's injury and its severity and the Bout had taken place, Plaintiffs would have paid less or nothing for the Bout pay-per-view because they would have not bargained for the same spectacle.

81. At a date presently unknown to Plaintiffs, and as set forth above, Defendants have committed acts of unfair competition as defined by Business & Professions Code §§ 17200 *et seq.*, by engaging in the false advertising and promotion of the Bout.

82. Defendants could and should have furthered their legitimate business interests by disclosing the injury to Defendant Pacquiao's shoulder, lowering the price for the Bout's pay-per-views, and/or postponing the Bout until Defendant Pacquiao was no longer injured.

83. Plaintiffs and other members of the Class could not have reasonably avoided the injury suffered by each of them by paying the Bout pay-per-view fee.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices.

### C. *"Fraudulent" Prong*

84. Defendants' claims and statements were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200 *et seq*. Defendants engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiffs, and other similarly situated consumers, whether by conduct, orally, or in writing, that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively diminishing his performance during the Bout.

85. Plaintiffs reserve the right to allege further conduct that constitutes other fraudulent business acts or practices.

### D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

86. Defendants' advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively affecting his performance during the Bout.

87. Plaintiffs, who are reasonable consumers, and the public were deceived, misled by and relied on Defendants' advertising into believing that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Pacquiao) was severely injured, effectively affecting his performance during the Bout.

88. As a direct and proximate result of the aforementioned acts and

representations of Defendants, Defendants received and continue to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers who were led to purchase Bout pay-per-views due to the unlawful acts of Defendants.

89. Thus, Defendants caused Plaintiffs and other members of the Class to purchase Bout pay-per-views under false premises during the Class Period.

90. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiffs, and putative class members, to a judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiffs are entitled to restitution and injunctive relief against Defendants, as set forth in the Prayer for Relief.

91. Plaintiffs and members of the putative Class have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition, as more fully set forth herein.  Plaintiffs and members of the putative Class have been injured as they relied on Defendants' intentional misrepresentation and were induced into purchasing Bout pay-per-views for which they believed both contestants were healthy and able, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively affecting his performance during the Bout.  Plaintiffs and members of the Class have been injured, as had they been made aware that the Bout was not between two healthy and able contestants, they would not have purchased the Bout or paid less for it.

92. Defendants, through their acts of unfair competition, have unfairly acquired monies from Plaintiffs and members of the putative Class.  It is impossible for Plaintiffs to determine the exact amount of money that Defendants have

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

obtained without a detailed review of the Defendants' books and records. Plaintiffs request that this Court restore these monies and enjoin Defendants from continuing to violate California Business & Professions Code §§ 17200 *et seq.*, as discussed herein.

93. Plaintiffs further seek an order requiring Defendants to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

94. Plaintiffs also seek attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Section 1021.5.

**THIRD CAUSE OF ACTION**

**FOR NEGLIGENT MISREPRESENTATION**

95. Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

96. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendants represented to the public, including Plaintiffs, that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively affecting his performance during the Bout.

97. Defendants made the representations herein alleged with the intention of inducing the public, including Plaintiffs and putative Class members, to purchase Bout pay-per-views.

98. Plaintiffs and other similarly situated consumers in California saw, believed, and relied upon Defendants' advertising representations and, in reliance on them, purchased Bout pay-per-views, as described herein.

99. At all times relevant, Defendants made the misrepresentations herein alleged when Defendants should have known these representations to be untrue, and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Defendants lacked a reasonable basis for believing the representations to be true at the time such representations were made to Plaintiffs and other similarly situated consumers.

100. As a proximate result of Defendants' negligent misrepresentations, Plaintiffs and other consumers similarly situated were induced to purchase Bout pay-per-views, due to the unlawful acts of Defendants, in an amount to be determined at trial, during the Class Period.

## FOURTH CAUSE OF ACTION

### FOR INTENTIONAL MISREPRESENTATION

101. Plaintiffs repeat, re-allege and incorporate herein by reference the above allegations as if fully stated herein.

102. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendants intentionally represented to the public, including Plaintiffs, by promoting and other means, that the Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout when in fact at least one of the contestants (i.e., Defendant Pacquiao) was severely injured, effectively affecting Pacquiao's performance during the Bout.

103. At least two weeks prior to the Bout, Defendants knew these representations were untrue.

104. Defendants made the representations herein alleged with the intention of inducing the public, including Plaintiffs, to purchase Bout pay-per-views for Defendants' own financial gain.

105. The statements regarding Bout were misleading because Defendants actually knew one of the Bout's contestants, Defendant Pacquiao, had a shoulder injury, effectively affecting his performance during the Bout.

106. Plaintiffs and other similarly situated consumers in California saw, believed, and relied upon Defendants' advertising representations and, in reliance on

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

such representations, purchased Bout pay-per-views, as described above.

107. At all times relevant, Defendants intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its promoters and Defendants knew the representations to be false.

108. As a proximate result of Defendants' intentional misrepresentations, Plaintiffs and other consumers similarly situated were induced to spend an amount of money to be determined at trial.

109. Plaintiffs allege the "who, what, when, where, and how" of the alleged deception by Defendants as follows:

    a.    The "who" is Defendant TOP RANK, INC. and Defendant Emmanuel "Manny" Dapidran Pacquiao;

    b.    The "what" is representation that Defendants' Bout involved two healthy and able contestants, and that their performance would not be materially diminished during the Bout;

    c.    The "when" is the date Plaintiffs purchased the product and the Class Period of four years prior to the filing of the Complaint;

    d.    The "where" is in Defendants' written, audio and visual promotional materials; and

    e.    The "how" is the allegation that Defendants did not disclose that Defendant Pacquiao had a shoulder injury, effectively affecting his performance during the Bout.

110. By engaging in the acts described above, Defendants are guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover the monies paid for the Bout pay-per-view, exemplary or punitive damages.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

### FIFTH CAUSE OF ACTION

### FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 ET SEQ.

### [CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT]

111. Plaintiffs repeat, re-allege and incorporate herein by reference the above allegations as if fully stated herein.

112. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA").

113. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes.

114. Defendant TR is a "person" as defined by Civil Code section 1761(c) because Defendant TR is a corporation.

115. Defendant Pacquiao is a "person" as defined by Civil Code section 1761(c) because Defendant Pacquiao is an individual.

116. Plaintiffs and Class Members are "consumers" within the meaning of Civil Code section 1761(d) because they are individuals who acquired Defendants' services through purchase of the Bout pay-per-view.

117. Defendants' actions relating to the Bout were "services" within the meaning of California Civil Code § 1761 (b) in that they were work, labor, and services for other than a commercial or business use.

118. Plaintiffs' and Class Members' agreement to purchase the Bout pay-per-view is a "transaction" as defined by Civil Code section 1761(e), because Plaintiffs and Class Members paid monies and entered into an agreement between Plaintiffs and Class Members and Defendants, which included the making of, and performance pursuant to, those agreements.

119. Plaintiffs and Class Members have standing to pursue this claim as they have suffered an injury in fact and has lost money as a result of Defendants' actions

as set forth herein. Specifically, Plaintiffs spent money to purchase the Bout pay-per-view when they otherwise would not have.

120. Plaintiffs and Class Members reviewed, believed, and relied upon the omissions of fact and misstatements and misrepresentations made by Defendants, as explained more fully above, in deciding whether to purchase or pay a premium for the Bout pay-per-view.

121. As set forth above, Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) by:

(a) Violating section (7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another. More specifically, Defendants advertised and stated that Defendant Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Defendant Pacquiao's performance would not be materially diminished during the Bout, when in fact Defendant Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout and Defendants knew, or should have known that the Bout was not as represented or advertised and thus were not of that standard, quality, or grade; and

(b) Violating section (9) by advertising goods or services with intent not to sell them as advertised. More specifically, Defendants advertised that Defendant Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Defendant Pacquiao's performance would not be materially diminished during the Bout, when in fact Defendant Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout when

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

in fact Defendants knew, or should have known that the Bout was affected by an undisclosed injury and thus was not sold as advertised

122. On May 18, 2015, pursuant to § 1782 of the CRLA, Plaintiffs notified Defendants in writing of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code § 1770. True and correct copies of the letters are attached hereto as Exhibit B.

123. Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code section 1780(c).

124. Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

125. Currently, Plaintiffs only seeks equitable and injunctive relief through the CLRA. Upon Defendants' failure to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiffs will amend the complaint to additionally seek damages, restitution, punitive damages, attorneys' fees and costs, and any other relief available under § 1780(a) of the CRLA.

## SIXTH CAUSE OF ACTION
## FOR CONSTRUCTIVE TRUST

126. Plaintiffs repeat, re-allege and incorporate herein by reference the above allegations as if fully stated herein.

127. By virtue of Defendants' wrongful acts alleges herein, Defendants hold all gains, profits and advantages derived from their acts of misrepresentation, unfair competition, and other violations of law in constructive trust for the benefit of Plaintiffs.

128. Plaintiffs are entitled to an order declaring that Defendants hold all gains, profits and advantages derived from their misrepresentations and other violations of law in constructive trust for the benefit of Plaintiffs. Plaintiffs

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

are entitled to an order compelling Defendants to convey to Plaintiffs all gains, profits and advantages which Defendants derived from their acts of misrepresentation and other violations of law.  Plaintiffs are entitled to an accounting of all monies owing to Plaintiffs.  Plaintiffs are entitled to payment of the amount due from Defendants as a result of Defendants' misrepresenting activities, and violations of Plaintiffs' rights, together with interest at the legal rate from the date of the Bout.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants, and that Plaintiffs and Class members be awarded damages from Defendants as follows:

- That this action be certified as a Class Action, Plaintiffs be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class counsel;

- An order requiring disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and to restore to Plaintiffs and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendants from retaining the benefits of their wrongful conduct;

- Prejudgment and post judgment interest;

- Special, general, and compensatory damages to Plaintiffs and the Class for negligent and/or intentional misrepresentations;

- Exemplary and/or punitive damages for intentional misrepresentations

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

pursuant to, *inter alia*, Cal. Civ. Code § 3294;

- Costs of this suit;

- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5;

- Injunctive relief pursuant to California Civil Code § 1750(a)(2);

- For an order declaring that Defendants hold all gains, profits and advantages derived from their acts of misrepresentation and other violations of law in constructive trust for the benefit of Plaintiffs;

- For an order compelling Defendants to account for and convey to Plaintiffs all gains, profits and advantages which Defendants derived from their acts of misrepresentation and other violations of law;

- For payment to Plaintiffs of the amounts due from Defendants as a result of all of Defendants' misrepresenting activities, together with interest at a legal rate from the date of such misrepresentations; and

- Any and all other relief that this Court deems necessary or appropriate.

Dated: May [#], 2015                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**


                                        By: _/s/_ ABBAS KAZEROUNIAN_____
                                              ABBAS KAZEROUNIAN, ESQ.
                                              ATTORNEYS FOR PLAINTIFFS

///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**TRIAL BY JURY**

129. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: May [#], 2015                    Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**

                                By: _/s/ ABBAS KAZEROUNIAN_____
                                        ABBAS KAZEROUNIAN, ESQ.
                                        ATTORNEYS FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626