# Plaintiffs' Exhibit B

CLRA Notice Regarding False Advertising/ Misrepresentation Claims Related to Mayweather v. Pacquiao Welterweight Championship to Defendants

_____

*In The Case Of*

*Heather McDonald, et al,*
*v.*
*Emmanuel Dapidran Pacquiao, et al*

*3:15-cv-01006-JLS-BGS*

# KAZEROUNI LAW GROUP, APC

**LOCATIONS:**
Orange County   San Luis Obispo
Los Angeles   Riverside
San Diego   Las Vegas, NV

245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626

Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**California Consumer Attorneys**

**ATTORNEYS:**
Abbas Kazerounian, Esq. – Partner (CA, IL, WA, TX)
Mohammad Kazerouni, Esq. – Partner (CA)
Assal Assassi, Esq. – Associate (CA)
Jason Ibey, Esq. – Associate (CA)
Matt Loker, Esq. – Associate (CA)
Danny Horen, Esq. – Associate (NV)
Gouya Ranekouhi, Esq. – Associate (CA)
Mona Amini, Esq. – Associate (CA)
Joshua Swigart, Esq. – Of Counsel (CA & D.C.)
Robert Hyde, Esq. – Of Counsel (CA & MN)
Andrei Armas, Esq. – Of Counsel

www.kazlg.com

May 18, 2015

ABBAS KAZEROUNIAN
800.400.6808
ak@kazlg.com

VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED

Emmanuel "Manny" Dapidran Pacquiao
12055 Summit Circle
Beverly Hills, CA 90210

Subject:   *CLRA Notice Regarding False Advertising/Misrepresentation Claims Related to Mayweather vs. Pacquiao Welterweight Championship*

**NOTICE OF DEMAND FOR CORRECTIVE ACTION PURSUANT TO CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1782, FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1770**

Attention EMMANUEL DAPIDRAN PACQUIAO ("Mr. Pacquiao"):

Pursuant to California Civil Code section 1782, subsection (a) and (d), this letter notifies you that you have committed acts or practices declared unlawful under the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*. ("CLRA").

The CLRA prohibits certain unfair acts or practices directed towards consumers.  Specifically, section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."

We write on behalf of our clients Heather McDonald, Payman Shahin, Angela Thill, Gary Rempel, Wendy Melline ("Plaintiffs") and all other similarly situated persons in California who purchased pay-per-view services for the May 2, 2015, pay-per-view boxing bout (the "Bout") featuring Mr. Pacquiao and Floyd Mayweather, Jr. ("Mayweather").  Mr. Pacquiao has advertised, warranted, and implied, based on the television advertising, online advertisements, and elsewhere, that Mr. Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Mr. Pacquiao's performance would not be materially diminished during the Bout.

**PAGE 1 OF 3**

However, countless consumers have complained that the Bout was not of the quality described by Mr. Pacquiao due to injuries of Mr. Pacquiao that were not disclosed.  Mr. Pacquiao knew, or, by the exercise of reasonable care, should have known, but omitted to state, that the Bout was not as represented and advertised and that Mr. Pacquiao's statements about the standard, quality, or grade and abilities of the Bout was untrue, deceptive, or materially misleading.  Mr. Pacquiao's marketing and advertising representations in connection with the sale of the Bout, including its failure to disclose material facts, were false, untrue and misleading.  Accordingly, in the advertisement and sale of the Bout, Mr. Pacquiao has violated multiple sections of the CLRA.  Relying on Mr. Pacquiao's misstatements, consumers such as Plaintiffs were induced to purchase the Bout when they otherwise would not have, or would have paid less for the product.

Specifically, Mr. Pacquiao violated various sections of Civil Code section 1770 including subsection (7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another.  More specifically, Mr. Pacquiao advertised and stated that Mr. Pacquiao was healthy and able-bodied immediately prior to the Bout, such that Mr. Pacquiao's performance would not be materially diminished during the Bout, when in fact Mr. Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout and Mr. Pacquiao knew, or should have known that the Bout was not as represented or advertised and thus were not of that standard, quality, or grade.  Further, Mr. Pacquiao violated subsection (9) by advertising goods or services with intent not to sell them as advertised.  More specifically, Mr. Pacquiao advertised that Mr. Pacquiao was healthy and able-bodied immediately prior to the Bout, such that Mr. Pacquiao's performance would not be materially diminished during the Bout, when in fact Mr. Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout when in fact Mr. Pacquiao knew, or should have known that the Bout was affected by an undisclosed injury and thus was not sold as advertised.

Of or about May 2, 2015, Plaintiffs purchased a pay-per-view service for the Bout while located in Oceanside, California.  Before purchasing the Bout, Plaintiffs heard advertisements and representations about the fight including, but not limited to, reviewing information Mr. Pacquiao disseminated in regards to the Bout.  Prior to purchase, Plaintiffs read and considered various information and advertisements provided by Mr. Pacquiao including such statements as that Mr. Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Mr. Pacquiao's performance would not be materially diminished during the Bout, when in fact Mr. Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout.

Based on the information and advertisements Plaintiffs read and considered, Plaintiffs ultimately purchased the Bout pay-per-view.  On May 2, 2015, Plaintiffs noticed that Mr. Pacquiao's performance in the Bout was greatly below what was described and represented by Mr. Pacquiao.  Had Plaintiffs known that the Bout pay-per-view they had purchased was subject to an undisclosed injury, she would either not have purchased the fight or would have paid less for the fight.

Based on the foregoing, we hereby demand, on behalf of Plaintiffs and similarly situated California purchasers of the Bout, pursuant to CLRA, Civil Code section 1782, that within 30

days of receiving this letter, Mr. Pacquiao:

  (1) Make full restitution to all persons who purchased a Bout, of all monies wrongfully obtained as a result of the conduct described above, plus interest at the statutory rate of 10% per annum running from the date such amounts were due;

Unless you agree to and implement the terms and conditions set forth above within 30 days of receipt of this notice and demand for corrective action, Plaintiffs shall exercise her statutory right to assert claims for monetary damages and other relief under the CLRA, on behalf of all consumers in California that purchased a Bout pay-per-view, including, but not limited to:

  1. Actual damages suffered;

  2. An order enjoining you from such methods, acts, or practices;

  3. Restitution of property (when applicable);

  4. Punitive damages;

  5. Any other relief which the court deems proper; and

  6. Court costs and attorneys' fees.

Pursuant to California Civil Code section 1782, subdivision (a)(2), this notice has been sent by certified mail, return receipt requested, to Mr. Pacquiao's principal place of business. Thank you for your attention to this matter. If you have any questions, please contact me at the phone number or address below:

  Abbas Kazerounian
  Kazerouni Law Group, APC
  245 Fischer Avenue, Unit D1
  Costa Mesa, CA 92626
  (800) 400-6808

Respectfully,

_____
Abbas Kazerounian

# KAZEROUNI LAW GROUP, APC

**LOCATIONS:**
Orange County    San Luis Obispo
Los Angeles    Riverside
San Diego    Las Vegas, NV

**ATTORNEYS:**
Abbas Kazerounian, Esq. – Partner (CA, IL, WA, TX)
Mohammad Kazerouni, Esq. – Partner (CA)
Assal Assassi, Esq. – Associate (CA)
Jason Ibey, Esq. – Associate (CA)
Matt Loker, Esq. – Associate (CA)
Danny Horen, Esq. – Associate (NV)
Gouya Ranekouhi, Esq. – Associate (CA)
Mona Amini, Esq. – Associate (CA)
Joshua Swigart, Esq. – Of Counsel (CA & D.C.)
Robert Hyde, Esq. – Of Counsel (CA & MN)
Andrei Armas, Esq. – Of Counsel

245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626

Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**California Consumer Attorneys**

www.kazlg.com

May 18, 2015

ABBAS KAZEROUNIAN
800.400.6808
ak@kazlg.com

VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED

Top Rank, Inc.
748 Pilot Road
Las Vegas, NV 89119

Top Rank, Inc. c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr Suite 150N
Sacramento, CA 95833

Subject: *CLRA Notice Regarding False Advertising/Misrepresentation Claims Related to Mayweather vs. Pacquiao Welterweight Championship*

**NOTICE OF DEMAND FOR CORRECTIVE ACTION PURSUANT TO CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1782, FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1770**

Attention TOP RANK, INC. ("Top Rank"):

Pursuant to California Civil Code section 1782, subsection (a) and (d), this letter notifies you that you have committed acts or practices declared unlawful under the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*. ("CLRA").

The CLRA prohibits certain unfair acts or practices directed towards consumers. Specifically, section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."

We write on behalf of our clients Heather McDonald, Payman Shahin, Angela Thill, Gary Rempel, Wendy Melline ("Plaintiffs") and all other similarly situated persons in California who purchased pay-per-view services for the May 2, 2015, pay-per-view boxing bout (the "Bout")

**PAGE 1 OF 3**

featuring Emmanuel "Manny" Dapidran Pacquiao ("Pacquiao") and Floyd Mayweather, Jr. ("Mayweather"). Top Rank has advertised, warranted, and implied, based on the television advertising, online advertisements, and elsewhere, that Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Pacquiao's performance would not be materially diminished during the Bout. However, countless consumers have complained that the Bout was not of the quality described by Top Rank due to injuries of Pacquiao that were not disclosed. Top Rank knew, or, by the exercise of reasonable care, should have known, but omitted to state, that the Bout was not as represented and advertised and that Top Rank's statements about the standard, quality, or grade and abilities of the Bout was untrue, deceptive, or materially misleading. Top Rank's marketing and advertising representations in connection with the sale of the Bout, including its failure to disclose material facts, were false, untrue and misleading. Accordingly, in the advertisement and sale of the Bout, Top Rank has violated multiple sections of the CLRA. Relying on Top Rank's misstatements, consumers such as Plaintiffs were induced to purchase the Bout when they otherwise would not have, or would have paid less for the product.

Specifically, Top Rank violated various sections of Civil Code section 1770 including subsection (7) by representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were of another. More specifically, Top Rank advertised and stated that Pacquiao was healthy and able-bodied immediately prior to the Bout, such that Pacquiao's performance would not be materially diminished during the Bout, when in fact Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout and Top Rank knew, or should have known that the Bout was not as represented or advertised and thus were not of that standard, quality, or grade. Further, Top Rank violated subsection (9) by advertising goods or services with intent not to sell them as advertised. More specifically, Top Rank advertised that Pacquiao was healthy and able-bodied immediately prior to the Bout, such that Pacquiao's performance would not be materially diminished during the Bout, when in fact Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout when in fact Top Rank knew, or should have known that the Bout was affected by an undisclosed injury and thus was not sold as advertised.

On or about May 2, 2015, Plaintiffs purchased a pay-per-view service for the Bout while located in Oceanside, California. Before purchasing the Bout, Plaintiffs heard advertisements and representations about the fight including, but not limited to, reviewing information Top Rank disseminated in regards to the Bout. Prior to purchase, Plaintiffs read and considered various information and advertisements provided by Top Rank including such statements as that Pacquiao was healthy and able-bodied immediately prior to the Bout, and that Pacquiao's performance would not be materially diminished during the Bout, when in fact Pacquiao had suffered a severe injury to his right shoulder that diminished his performance leading up to and during the Bout.

Based on the information and advertisements Plaintiffs read and considered, Plaintiffs ultimately purchased the Bout pay-per-view. On May 2, 2015, Plaintiffs noticed that Pacquiao's performance in the Bout was greatly below what was described and represented by Top Rank. Had Plaintiffs known that the Bout pay-per-view they had purchased was subject to an

undisclosed injury, she would either not have purchased the fight or would have paid less for the fight.

Based on the foregoing, we hereby demand, on behalf of Plaintiffs and similarly situated California purchasers of the Bout, pursuant to CLRA, Civil Code section 1782, that within 30 days of receiving this letter, Top Rank:

(1) Make full restitution to all persons who purchased a Bout, of all monies wrongfully obtained as a result of the conduct described above, plus interest at the statutory rate of 10% per annum running from the date such amounts were due;

Unless you agree to and implement the terms and conditions set forth above within 30 days of receipt of this notice and demand for corrective action, Plaintiffs shall exercise her statutory right to assert claims for monetary damages and other relief under the CLRA, on behalf of all consumers in California that purchased a Bout pay-per-view, including, but not limited to:

1. Actual damages suffered;

2. An order enjoining you from such methods, acts, or practices;

3. Restitution of property (when applicable);

4. Punitive damages;

5. Any other relief which the court deems proper; and

6. Court costs and attorneys' fees.

Pursuant to California Civil Code section 1782, subdivision (a)(2), this notice has been sent by certified mail, return receipt requested, to Top Rank's agent for service of process in California, and the Top Rank's principal place of business.  Thank you for your attention to this matter.  If you have any questions, please contact me at the phone number or address below:

      Abbas Kazerounian
      Kazerouni Law Group, APC
      245 Fischer Avenue, Unit D1
      Costa Mesa, CA 92626
      (800) 400-6808

Respectfully,

_____
Abbas Kazerounian